RECEIVED & FILED
CLERK'S OFFICE
JUL 24 2019
US DISTRICT COURT
SAN JUAN, PR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
**Plaintiff,**

v.

[1] ANGEL MIGUEL CARRASQUILLO-SANCHEZ,
**Defendant.**

CRIMINAL NO. 19-337 (ADC)

**PLEA AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(A) & (B))**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodriguez-Velez, United States Attorney, José Capó-Iriarte, Assistant United States Attorney and Chief Criminal Division, Victor O. Acevedo-Hernandez, Assistant United States Attorney and Deputy Chief, Firearms Unit, and Jeanette M. Collazo-Ortiz, Assistant United States Attorney, along with Defendant, **Angel Miguel Carrasquillo-Sanchez,** and his counsel, **Diego H. Alcala-Laboy**, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

**1. COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count Two of the Indictment which charges him with Possession of a Firearm by a Prohibited Person (unlawful user of a controlled substance) in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

**2. MAXIMUM PENALTIES**

The defendant understands that, pursuant to 18 U.S.C. § 924(a)(2), the penalty for Count Two is as follows: a maximum term of imprisonment of ten years, a fine not to exceed $250,000.00, and a term of supervised release of not more than three years, a special monetary assessment of $100.00, in addition to any term of incarceration.

**3. SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

DAL
AMC

**4. SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

**5. FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the Government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution.

**6. RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements,

Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

DAC
AMC

**7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

| **Sentencing Guidelines Calculations Table<br>Count Three (18 U.S.C. §922(g)(3)** | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Base Offense Level** | U.S.S.G. § 2K2.1(a)(4)<br>(prohibited person possessing a firearm described in 26 U.S.C. § 5845(a) | | | | | | | | 20 |
| **Acceptance** | Acceptance of Responsibility, U.S.S.G. § 3E1.1 | | | | | | | | -3 |
| **Sentencing Ranges Count ~~Three~~** Two DAC AMC | **TOL** | **CHC I** | **CHC II** | **CHC III** | **CHC IV** | **CHC V** | **CHC VI** | **Total Offense Level** | **17** |
| | 17 | 024-030 | 027-033 | 030-037 | 037-046 | 046-057 | 051-063 | | |

**8. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate as to any Criminal History Category for Defendant.

**9. SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to recommend a sentence of twenty-four (24) months of imprisonment.

**10. WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is twenty-four (24) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

DAC
AMC

**11. NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by either party. The parties agree that any request by either party for an adjustment or departure will be considered a material breach of this Plea Agreement, in which case, the Plea Agreement will be annulled and Defendant's rights as enumerated in paragraph thirteen (13) will be reinstated.

**12. SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, **Diego H. Alcala-Laboy**, and asserts that counsel has rendered effective legal assistance.

## 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.



c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein

are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

**15. FORFEITURE**

Pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): one 9mm caliber, Glock pistol, model 19x, bearing serial number BKHH137, seven (7) 9mm pistol magazines, and one hundred and fifty-seven (128) rounds of 9mm caliber ammunition.

Defendant acknowledges that he possessed the Property in violation of 18 U.S.C. § 922(g)(3) as set forth in Count ~~Three~~ Two DC DDC, AMC of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

DAC
AMC

**16. LIMITATIONS OF PLEA AGREEMENT**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**17. ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other term and conditions not stated herein.

**18. AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

**19. VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**20. DISMISSAL OF OTHER COUNTS**

At sentencing, the United States will request the dismissal of the remaining Counts in the Indictment.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

**José Capó-Iriarte**
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 7/9/19

**Diego H. Alcala-Laboy**
Counsel for Defendant
Dated: 7/24/2019

For:

**Victor O. Acevedo-Hernandez**
Assistant U.S. Attorney
Deputy Chief, Firearms Unit
Dated: 7/8/2019

Angel Carrasquillo

**Angel Miguel Carrasquillo-Sanchez**
Defendant
Dated: 7/24/2019

**Jeanette M. Collazo-Ortiz**
Assistant U.S. Attorney
Dated: 7/8/19

**UNDERSTANDING OF RIGHTS**

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 7/24/2019

Angel Carrasquillo
**Angel Miguel Carrasquillo-Sanchez**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 7/24/2019

**Diego H. Alcala-Laboy**
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to Defendant's acceptance of criminal responsibility for Defendant's violation of 18 U.S.C. § 922(g)(3). Had this matter proceeded to trial, the United States would have presented evidence through the live testimony of law enforcement agents and expert witnesses, as well as physical and documentary evidence. Such evidence would have proven the following beyond a reasonable doubt.

On May 21, 2019 at approximately 3:30 pm, Puerto Rico Police Bureau (PRPB) agents observed a grey Hyundai Accent with Puerto Rico license plate IDY494 with dark colored window tints in possible violation of Puerto Rico Transit Law. PRPB agents, using marked police motorcycles, ordered the driver to stop. The driver parked in a gas station and then lowered all windows. While the PRPB agent was interacting with the driver, another one of the PRPB agents observed the defendant, Angel Miguel Carrasquillo-Sanchez, who was sitting in the back seat, moving suspiciously. A PRPD agent approached the vehicle and observed a light-brown colored pistol with an attached extended magazine at Defendant's feet. Defendant was detained and the firearm was seized. The firearm was identified as a Glock pistol, model 19X, 9mm caliber, bearing serial number BKHH137. It had an attached 31-round capacity magazine loaded with twenty-eight (28) rounds of 9 mm caliber ammunition and another round in the chamber.

While Defendant's arrest was taking place, the PRPB ordered the front passenger, to put his hands on top of the dashboard. The front passenger (the co-defendant named in the indictment) told the agents that he also had a firearm and magazines in his possession which he then handed

over to a PRPB agent.

Federal agents explained to Defendant his rights, which he waived agreeing to speak with the federal agents. Defendant stated that he is a habitual user of marihuana and smokes 3 joints of marihuana a day since he was 17 years old. He explained that he purchased the Glock pistol some time before and that he knew it was fully automatic

Experts examined the Glock pistol seized from Defendant and concluded that it was a firearm within the meaning of 18 U.S.C. § 921(a)(3), that it had travelled in interstate and foreign commerce and that it was able to fire more than one round with a single function of the trigger.

For purposes of this agreement, Defendant admits that on or about May 21, 2019, he knowingly possessed the firearm described in the indictment, that at the time he was an unlawful user of a controlled substance which he knew, and that the firearm described in the indictment had been shipped, transported or had otherwise travelled in interstate or foreign commerce.

Discovery was timely made available to Defendant for review.

**Jeanette M. Collazo-Ortiz**
Assistant United States Attorney
Dated: 7/8/19

**Diego H. Alcala-Laboy**
Counsel for Defendant
Dated: 7/24/2019

Angel Carrasquillo
**Angel Miguel Carrasquillo-Sanchez**
Defendant
Dated: 7/24/2019