`

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff,**<br><br>v.<br><br>[1] ANGEL MIGUEL CARRASQUILLO-SANCHEZ,<br>**Defendant.** | Criminal No. 19-337 (ADC) |

**GOVERNMENT'S RESENTENCING MEMORANDUM**

### I. Procedural Background before the District Court

On May 30, 2019, a grand jury returned a three-count indictment charging Angel Carrasquillo-Sanchez and a co-defendant with firearm offenses. Specifically, Mr. Carrasquillo-Sanchez was charged with the possession of a machinegun in violation of 18 U.S.C. § 922(o) and possessing a firearm while being a drug user in possession of 18 U.S.C. § 922(g)(3). ECF No. 14.

On July 24, 2021, Defendant pleaded guilty to Count 2 pursuant to a plea agreement. ECF Nos. 34-37. Count two of the Indictment charged that the defendant, [1] ANGEL MIGUEL CARRASQUILLO-SANCHEZ, possessed a firearm and ammunition that is, one 9mm caliber, Glock pistol, model 19x, bearing serial number BKHH137 loaded with 29 rounds of 9mm caliber ammunition and a total of 128 rounds of 9mm caliber ammunition, then being an unlawful user of a controlled substance as defined in 21 U.S.C. § 802 and did so knowingly, said firearm and ammunition having been shipped and transported in interstate and foreign commerce. All in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). ECF Nos. 14 and 34.

As part of the Plea Agreement Defendant stipulated to the following facts:

> On May 21, 2019 at approximately 3:30 pm, Puerto Rico Police Bureau (PRPB) agents observed a grey Hyundai Accent with Puerto Rico license plate IDY494 with dark colored window tints in possible violation of Puerto Rico Transit Law. PRPB agents, using marked police motorcycles, ordered the driver to stop. The driver parked in a gas station and then lowered all windows. While the PRPB agent was interacting with the driver, another one of the PRPB agents observed the defendant, Angel Miguel Carrasquillo-Sanchez, who was sitting in the back seat, moving suspiciously. A PRPD agent approached the vehicle and observed a light-brown colored pistol with an attached extended magazine at Defendant's feet. Defendant was detained and the firearm was seized. The firearm was identified as a Glock pistol, model 19X, 9mm caliber, bearing serial number BKHH137. It had an attached 31-round capacity magazine loaded with twenty-eight (28) rounds of 9 mm caliber ammunition and another round in the chamber.
>
> While Defendant's arrest was taking place, the PRPB ordered the front passenger, to put his hands on top of the dashboard. The front passenger (the co-defendant named in the indictment) told the agents that he also had a firearm and magazines in his possession which he then handed over to a PRPB agent.
>
> Federal agents explained to Defendant his rights, which he waived agreeing to speak with the federal agents. Defendant stated that he is a habitual user of marihuana and smokes 3 joints of marihuana a day since he was 17 years old. He explained that he purchased the Glock pistol some time before and that he knew it was fully automatic
>
> Experts examined the Glock pistol seized from Defendant and concluded that it was a firearm within the meaning of 18 U.S.C. § 921(a)(3), that it had travelled in interstate and foreign commerce and that it was able to fire more than one round with a single function of the trigger.
>
> For purposes of this agreement, Defendant admits that on or about May 21, 2019, he knowingly possessed the firearm described in the indictment, that at the time he was an unlawful user of a controlled substance which he knew, and that the firearm described in the indictment had been shipped, transported or had otherwise travelled in interstate or foreign commerce.

ECF No. 34 at pp. 9-10.

Additionally, pursuant to the plea agreement, Defendant agreed to forfeit to the United States his right, title and interest over: one 9mm caliber, Glock pistol, model 19x, bearing serial

2

`

number BKHH137, seven (7) 9mm pistol magazines, one hundred and fifty-seven (128) (sic) rounds of 9mm caliber ammunition. Id. at p. 6, ¶ 15.

The presentence report investigation calculated a guideline range of 24-30 months (TOL 17 with CHC I). ECF Nos. 42 and 52 at ¶ 82.

On October 21, 2019, this Honorable Court sentenced Defendant to a variant sentence of 48 months. ECF No. 54.

In issuing the sentence, the Court summarized that Defendant "plead guilty to Count II of the Indictment filed in criminal case 19-337. That is, the possession of a Glock pistol, model 19X, caliber 9x19, with serial number BKH8137, modified to shoot automatically, with an attached 31 round capacity magazine loaded with 28 rounds of nine-millimeter caliber ammunition, by a prohibited person, which is in this case an unlawful user of a controlled substance." Tr. at p. 7. The firearm had been modified to shoot automatically more than one shot by single function of the trigger. Tr. at p. 10.

The Court went over Defendant' background and characteristics. It explained that that Mr. Carrasquillo was 22 years of age, a resident of Loíza, had one dependent, completed a GED, and at the time of his arrest was performing odd jobs that earned him about $600 monthly. Tr. at p. 9. He was physically healthy with a history of substance since the age of 17. Id. The instant offense is his first known arrest and conviction. Id. at p. 9 and 10.

Defendant admitted to purchasing the firearm for $2,000 in case he needed to protect himself but indicated there were no threats against him and that he had no enemies in the community. Tr. at p. 10. The Court highlighted that he chose to employ the scarce resources he had to buy a weapon despite the lack of a threat or enemies within the community. Id.  The weapon

`

was a machinegun and had an attached large capacity magazine. Id. The Court added that this type of weapon is what has placed the society in a state of siege as these are the most dangerous weapons in terms of firing capabilities and in Puerto Rico this type of weapon is used in public places in broad daylight. Tr. at p. 11. The Court recounted recent incidents where people were firing in broad daylight and committing murders. Id. Some of these events were committed from motor vehicles and the subjects simply lowered a window and started shooting automatic weapons. Id. at lines 11, 17-19; Tr. at p. 12, lines 8, 12, 17-19.

This Court concluded that the Guidelines have no way of reflecting the seriousness of the possession of this type of weapon and the harms it is causing society in Puerto Rico whose murder rates exceeds that of the largest cities in the United States. Tr. at p. 13. Accordingly, it found that a variant sentence of 48 months of imprisonment was needed. Id.

## II.     Defendant's Appeal

Defendant filed a timely appeal whereby he challenged the procedural and substantive reasonableness of his sentence. See ECF No. 60 and 73.

In response, the United States argued that, besides the machine gun that was loaded with a high-capacity magazine and 29 bullets, Carrasquillo was further found in possession of five additional high-capacity magazines with another 128 bullets, for a total of 157 rounds of 9mm ammunition on a public road in the middle of the afternoon. Government Brief (Document: 00117664082) at p. 26. He also attempted to flee the scene and evade arrest. Id.

The Government argued that, although the district court only mentioned one high-capacity magazine with 28 rounds of ammunition when summarizing the facts of the case, the PSR noted that agents seized five additional high-capacity magazines, along with an additional 128 bullets,

4

`

for a total of six magazines and 157 rounds of 9mm ammunition. Id. Moreover, the district court specifically ordered the forfeiture of the additional six magazines and 128 rounds of 9mm caliber ammunition that were seized and attributable to Carrasquillo. Id. Thus, the case involved an amount of ammunition unlike what one would expect in run-of-the-mill cases involving illegal possession of a machine gun or unlawful possession of a firearm by a prohibited person. Id. Citing, United States v. Bruno-Campos, 978 F.3d 801, 806 (1st Cir. Oct. 22, 2020), the Government added that nothing in the machinegun enhancements accounted for the possession of "substantial quantities of ammunition, and/or multiple high-capacity magazines".

The United States further argued on appeal that the incidents of gun violence noted by the district court at sentencing contextualized the need for deterrence in this case. Government Brief (Document: 00117664082) at p. 31. Because those incidents largely occurred in the daytime by individuals carrying machine guns, Carrasquillo's actions went to the heart of the district court's concerns because Carrasquillo possessed a readily accessible machine gun along with a mini arsenal, while riding in a car on a public road, in the middle of the afternoon with another person that was similarly armed. Id. at pp. 31-32. It was argued that Carrasquillo's claim that he needed the firearm for protection and his mother's statement there was a war echoed the district court's concerns of the state of "siege" in Puerto Rico. Id. at p. 32.

Finally, the United States argued that the sentence was not a "knee jerk reaction" to the fact that this was a "machine gun case" and the district court did not err in deviating from the guidelines based on a policy disagreement. Id. at p. 32-34. Rather, the record reflects that the district court carefully considered the facts of the case, the sentencing guidelines and their underlying policies alongside the reality seen in the streets of Puerto Rico. Id. at p. 34. The district court used these tools and community factors as a means to better consider and contextualize

`

Carrasquillo's case-specific facts and did not rely solely on Puerto Rico's community characteristics. Id.

### III.   The First Circuit's Decision

The Court of appeals summarized the offense conduct as follows:

```
     Carrasquillo was arrested by local police officers on
May 21, 2019, in the afternoon in Loíza, Puerto Rico, following a
traffic stop.  At the time of his arrest, Carrasquillo was
travelling in a car with three other individuals -- among them his
cousin.  Carrasquillo was in the possession of a Glock pistol that
had been modified to fire automatically.  That firearm was loaded
with twenty-nine rounds of ammunition.  Five magazines that
contained an additional 128 rounds of ammunition lay next to that
firearm in the car.  Carrasquillo's cousin, too, carried a loaded
firearm and additional magazines and rounds of ammunition.|
```

ECF No. 73 at p. 2.

Citing United States v. Rivera-Berrios, 968 F. 3d 130, 136 (1st Cir. 2020), the First Circuit found that "Carrasquillo's possession of a machinegun alone could no more justify this variant sentence than it could justify the one at issue in Rivera-Berríos" "because the concerns that the District Court highlighted about the dangers posed by machine guns and the defendant's lack of need for such a weapon "are universal in their application" and "the district court failed to explain why the defendant's machinegun possession was entitled to extra weight." Id. at p. 8. As to Defendant's drug use, the First Circuit indicated that this aggravating factor had already taken account in the calculation of the Guideline sentence range. Id. at n. 1.

`

The First Circuit rejected the United States' argument regarding the community-based factors being anchored in individual factors related to Carrasquillo and his offense (possession of machineguns, in broad daylight, in public, in vehicles in public roads). Id. at p. 12. The First Circuit stated that "[i]t is true that geographical considerations can be relevant at sentencing, as the incidence of particular crimes in the relevant community appropriately informs and contextualizes the relevant need for deterrence." Id. at 4 (internal quotation marks and some brackets omitted). But the First Circuit was persuaded by Carrasquillo's argument that this Court had justified "the variance wholly on its observations about the status of things in Puerto Rico," as opposed to any individual factor. Id. at 4. The First Circuit indicated that a consideration of the high incidence of gun violence in Puerto Rico, if tethered to the individual characteristics of Carrasquillo and his offense, could serve as a building block for an upward variance. Id.

Finally, the First Circuit was unwilling to infer that Carrasquillo's possession of an additional five magazines and 128 rounds of ammunition at the time of his arrest while his cousin who also possessed additional magazines and ammunition in the same car, served as an additional basis to explain the upward variance. Id. at p. 13. According to the Court of Appeals, "nothing in the District Court's summary of the facts and weighing of the sentencing factors indicate[d] that it relied for its variant sentence on Carrasquillo's additional magazines and ammunition." Id. at p. 14. Because "[i]t was only when enumerating the forfeiture conditions after it had already imposed the sentence of imprisonment that the District Court mentioned the additional magazines and rounds". Id.

Because the Court of Appeals would not infer that the Court's decision was premised on the number of magazines and ammunition seized or the presence of a second firearm in the car, it found that the District Court provided no explanation for its significant upward variance (based on

7

`

factors not already factored into Carrasquillo's GSR and/or that were specific to his case) the case was remanded for resentencing. Id. at pp. 14-16. The First Circuit

Absent new developments, like disciplinary infractions during incarceration, the government cannot provide additional facts for the Court to consider on remand. United States v. Román-Huertas, 848 F.3d 72, 78 (1st Cir. 2017). According to BOP, as of September 14, 2021, Defendant does not have disciplinary infractions.

### IV.     Recommendation

The United States stands by the terms of the Plea Agreement and respectfully requests that the Court sentence Defendant to 24 months of imprisonment and impose a supervised release term of 3 years to follow. Because Defendant has already been in custody more than 24 months, there is no objection from the Government to a sentence of Time Served.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this September 14, 2021.

**W. STEPHEN MULDROW**
UNITED STATES ATTORNEY

*s/ Jeanette M. Collazo-Ortiz*
Jeanette M. Collazo-Ortiz, 226803
Assistant United States Attorney
United States Attorney's Office
Torre Chardon, Suite 1201
350 Carlos Chardon Ave.
San Juan, PR 00918

`

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                            *s/ Jeanette M. Collazo-Ortiz*
                                            Jeanette M. Collazo-Ortiz, 226803
                                            Assistant United States Attorney